Opinion by OLIVER, C. J.  In accordance with stipulation of counsel that the merchandise consists of synthetic stones the same in all material respects as those the subject of *S. Nathan & Co., Inc.* v. *United States* (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.

**No. 56782.**—M. W. Zack Metal Company et al. *v.* United States, protests 151521-K, etc. (Detroit).

Opinion by COLE, J.  It was stipulated that the merchandise consists of a zinc die-casting alloy similar in all material respects to the product passed upon in *M. W. Zack Metal Company* v. *United States* (26 Cust. Ct. 91, C. D. 1306), which the court held to be classifiable under paragraph 397 as articles in chief value of zinc, not specially provided for.  However, inasmuch as the plaintiff in the cited case did not claim classification under paragraph 397, the protest therein was overruled without affirming the collector's classification.  On the record presented herein, the claim of the plaintiffs was sustained.

**No. 56783.**—C. J. Tower & Sons *v.* United States, protest 155890-K (Buffalo).

Opinion by COLE, J.  It was stipulated that the merchandise consists of a zinc die-casting alloy similar in all material respects to the product passed upon in *M. W. Zack Metal Company* v. *United States* (26 Cust. Ct. 91, C. D. 1306), which the court held to be classifiable under paragraph 397 as articles in chief value of zinc, not specially provided for.  However, inasmuch as the plaintiff in the cited case did not claim classification under paragraph 397, the protest therein was overruled without affirming the collector's classification.  On the record presented herein, the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, JULY 7, 1952

**No. 56784.**—Paramount Import Co., Inc., et al. *v.* United States, protests 141765-K, etc. (New York).